NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 1 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-4796 |
| Plaintiff - Appellee, | D.C. No. 3:23-cr-00422-DEB-3 |
| v. | |
| KELVIN ELIAS-RAMIREZ, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Argued and Submitted February 3, 2026
Pasadena, California

Before: GRABER, CLIFTON, and JOHNSTONE, Circuit Judges.

Kelvin Elias-Ramirez appeals his convictions for bringing unauthorized

aliens to the United States for financial gain, for transporting unauthorized aliens

within the United States, and for conspiracy to commit those offenses. 8 U.S.C.

§ 1324(a); 18 U.S.C. §§ 2, 371. We have jurisdiction under 28 U.S.C. § 1291 and

affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1.    Elias-Ramirez argues that the admission of a material witness's videotaped deposition testimony violated the Sixth Amendment's Confrontation Clause. The government removed the witness to Mexico after he was deposed. The witness did not return to testify at trial despite his promise to do so. "[A] defendant's right of confrontation is satisfied if (1) the declarant is unavailable, and (2) the defendant had a prior opportunity to confront him through cross-examination."[1] *United States v. Shayota*, 934 F.3d 1049, 1052 (9th Cir. 2019). We need not resolve whether the district court erred in determining that the witness was unavailable because any error was harmless beyond a reasonable doubt. *See id.*; *United States v. Pena-Gutierrez*, 222 F.3d 1080, 1089 (9th Cir. 2000).

The deposition was not the sole evidence that proved the witness's alienage and Elias-Ramirez's participation in the conspiracy. The challenged deposition testimony was cumulative of, and corroborated by, the testimony of live witnesses, including a Mexican citizen who was smuggled into the United States with the deposed witness and Border Patrol agents who investigated the smuggling incident. And considering the "bounty of other circumstantial evidence" showing that Elias-Ramirez organized the human-smuggling scheme, the government's case was strong. *Shayota*, 934 F.3d at 1052. Cooperating conspirators testified about Elias-Ramirez paying them for picking up "illegals," and the government introduced

---

[1] It is undisputed that Elias-Ramirez cross-examined the witness at his deposition.

messages that Elias-Ramirez sent about planning for people to be "throw[n]" across and transporting "illegals" and "smuggled" people.

2.   The government concedes that the district court abused its discretion in admitting as business records three worksheets created by Border Patrol forensic analysts that named Elias-Ramirez and his co-defendant as the respective owners of seized cellphones. *See* Fed. R. Evid. 803(6); *United States v. Morales*, 720 F.3d 1194, 1201 (9th Cir. 2013). We need not reach the merits of the worksheets' admissibility because the error was harmless. *See United States v. Macias*, 789 F.3d 1011, 1022 (9th Cir. 2015).

The government proved that the phones belonged to Elias-Ramirez and his co-defendant with other, more compelling evidence. Border Patrol agents testified at trial about the chain of custody at each step of the investigation, from seizing the phones from the defendants upon arrest to processing the phones at the station. The texts, audio messages, and photographs downloaded from the phones and admitted at trial also established ownership of the phones. Thus, "it is more probable than not that the error did not materially affect the verdict." *Id.*

**AFFIRMED.**